IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PASCIOUS PRINCE,

    Plaintiff,

v.

LIFE UNIVERSITY, INC,

    Defendant.

CIVIL ACTION FILE NO.
1:11-cv-1059-TWT-RGV

## **ORDER FOR SERVICE OF FINAL REPORT AND RECOMMENDATION**

Attached is the Final Report and Recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and this Court's Local Rule 72.1. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within fourteen (14) days of the receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the Report and

Recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983) (per curiam).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED**, this 2nd day of December, 2011.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PASCIOUS PRINCE, <br><br> Plaintiff, <br><br> v. <br><br> LIFE UNIVERSITY, INC, <br><br> Defendant. | CIVIL ACTION FILE NO. <br><br> 1:11-cv-1059-TWT-RGV |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Pending before the Court is a "Request for Motion to Dismiss," [Doc. 20], filed by plaintiff Pascious Prince ("plaintiff"). Defendant Life University, Inc. ("defendant") has filed a response, [Doc. 21], indicating that it does not object to the voluntary dismissal of plaintiff's complaint. For the following reasons, it is **RECOMMENDED** plaintiff's motion, [Doc. 20], be **GRANTED** and that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE.**

"Plaintiff, with the approval of the Court, may dismiss an action voluntarily and without prejudice to future litigation at any time during the litigation process." James Hardie Bldg. Prods., Inc. v. GSE Dev. Corp., No. 03-21168-CIV, 2007 WL 2176036, at *8 (S.D. Fla. July 24, 2007) (citing McCants v. Ford Motor Co., 781 F.2d

855, 856 (11th Cir. 1986); Fed. R. Civ. P. 41(a)(2)).[1] While, "[a] voluntary dismissal without prejudice is not a matter of right," Jones v. Smartvideo Techs., Inc., No. 1:06-cv-2760-WSD, 2007 WL 1655855, at *2 (N.D. Ga. June 4, 2007) (quoting Fisher v. Puerto Rico Marine Mgmt., Inc., 940 F.2d 1502, 1502-03 (11th Cir. 1991) (per curiam)), "[o]nly if a defendant will suffer clear legal prejudice is denial of a motion for voluntary dismissal warranted," James Hardie Bldg. Prods., Inc., 2007 WL 2176036, at *8 (citing Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001) (per curiam); McCants, 781 F.2d at 857 (citations omitted)). In this regard, the "mere prospect of a subsequent lawsuit" is not sufficient legal prejudice to justify denying a plaintiff's motion to dismiss without prejudice. McCants, 781 F.2d at 857; see also Pontenberg, 252 F.3d at 1259 ("Delay alone, in the absence of bad faith, is insufficient to justify a dismissal with prejudice."). While the Eleventh Circuit "has not explicitly adopted factors that a trial court should evaluate to determine whether a defendant would suffer plain prejudice versus the mere prospect of a second lawsuit in deciding if dismissal without prejudice is appropriate," courts in this circuit have considered several factors in deciding whether to grant or deny a plaintiff's motion for voluntary dismissal, including the length of time and amount

---

[1] Although plaintiff, who is proceeding *pro se*, does not cite to the Federal Rules of Civil Procedure, the rule permitting voluntary dismissal after defendant has filed a responsive pleading is Rule 41(a)(2). See Fed. R. Civ. P. 41(a)(2).

of resources the defendant spent litigating the case, dilatory tactics by the plaintiff, and whether the defendant had a dispositive motion pending when the dismissal was requested. Jones, 2007 WL 1655855, at *3 (internal marks and citations omitted) (quoting Mosley v. JLG Indus., Inc., No. 7:03cv119HL, 2005 WL 2293567, at *3 (M.D. Ga. Sept. 20, 2005)). Substantial discretion, however, "is vested in the district court to evaluate what is a just resolution." Id.

Here, defendant does not object to the voluntary dismissal of the complaint. See [Doc. 21]. There is no dispositive motion pending, and it does not appear that this motion is the result of dilatory tactics by plaintiff. Accordingly, the Court does not find that defendant will suffer any clear legal prejudice if the complaint is dismissed and **RECOMMENDS** that plaintiff's request for motion to dismiss, [Doc. 20], be **GRANTED** and that plaintiff's complaint, [Doc. 3], be **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to terminate this reference.

**IT IS SO RECOMMENDED** and **DIRECTED** this 2nd day of December, 2011.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE